UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CITRIX SYSTEMS, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| LUXUL CORPORATION, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

### NATURE OF THIS ACTION

1.     Plaintiff Citrix Systems, Inc. ("Citrix") brings this action as a result of Defendant Luxul Corporation's ongoing infringement of Citrix's family of XEN and XEN-formative trademarks (collectively referred to as "the XEN Trademarks").  Citrix uses the XEN Trademarks in connection with its development, marketing and sales of computer software and services.  Luxul Corporation ("Luxul") is infringing the XEN Trademarks by using the word "XEN," and various other marks involving the word "XEN" in connection with marketing and sales of Luxul's computer networking products.  Luxul's use of the XEN trademarks also suggests a false association or affiliation between it and Citrix.

### PARTIES

2.     Citrix Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida.  Citrix also has offices in Bedford, Massachusetts.  Citrix is a leading provider of products and services for computer virtualization, networking and cloud computing infrastructure.

3.      Upon information and belief, Luxul is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 14203 Minuteman Drive, Draper, Utah.  Luxul claims that it is a leading provider of wired and Wi-Fi networking computer products.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1338, as several claims pertain to infringement of U.S. trademarks arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and specifically 15 U.S.C. §§ 1114(1)(a) and 1125(a) and (c).  This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) for claims arising under Massachusetts law.

5.      This Court has personal jurisdiction over Luxul because, among other reasons, Luxul conducts substantial business in this District.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because personal jurisdiction exists over Defendant.

## GENERAL ALLEGATIONS

7.      For over twenty-five years, Citrix has been known as a premier provider of computer software and related services in the nature of networking and server software, desktop virtualization, software-as-a-service, and cloud computing technologies and solutions.  Citrix's services are used in over 330,000 organizations worldwide.

8.      In October 2007, Citrix acquired XenSource, a company that developed virtualization software for use on computer systems.

9.      Beginning at least as early as 2002, XenSource adopted, promoted and used the trademark XEN (alone and in combination with other words) as a source identifier for its products and services.

2

10.     The XenSource product and the Citrix XEN-branded products released thereafter, are software that permit multiple operating systems or software packages to co-exist on the same computer hardware, also known as virtual servers or computer virtualization.  The virtualization technology is employed by various companies in connection with, *inter alia,* internet hosting, networked computing systems, software development, and information technology management. Computer hardware makers may also utilize software virtualization so as to offer support for multiple software operating environments.

11.     Citrix's XEN-branded virtual application delivery also permits businesses to provide software applications as services, over a secure private network, rather than locally installed.  Offering software and services through a virtual private network reduces risk of data loss and network vulnerability due to unsecured network connections.

12.     Since at least as early as October 2007, Citrix has continuously used XEN and XEN-formatives in one or more of the XEN Trademarks, for its computer virtualization, networking and cloud computing infrastructure products and services.

13.     Citrix owns a family of United States trademark registrations in the XEN Trademarks for the mark XEN and marks incorporating the dominant formative "XEN" including but not limited to:

| | Mark: | Reg. No. |
|---|---|---|
| 1. | XEN | 3319791 |
| 2. |  | 3195200 |
| 3. | XEN | 4297399 |
| 4. | XENAPP | 3866339 |
| 5. | CITRIX XENAPP | 3609906 |
| 6. | XENCENTER | 3599110 |

| 7. | XENCLIENT | 4016503 |
|---|---|---|
| 8. | XENDESKTOP | 3661435 |
| 9. | XENMOBILE | 4397856 |
| 10. | XEN MATCH | 3856031 |
| 11. | XENMOTION | 3661434 |
| 12. | XENSERVER | 3740416 |
| 13. | Xen Source | 3360530 |
| 14. | XEN SOURCE | 3459346 |
| 15. | XEN SUMMIT | 3855976 |
| 16. | XENTERPRISE | 3759377 |

14.     These registrations are valid, subsisting and in full force and effect.

15.     The following registrations for Citrix's XEN Trademarks have become incontestable under Section 15 of the Lanham Act 15 U.S.C. § 1065, and therefore serve as conclusive evidence of the validity of that particular mark, and of Citrix's exclusive right to use the mark in commerce or in connection with the products for which the mark is registered pursuant to Section 33(b) of 15 U.S.C. § 1115(b).

| | Mark: | Reg. No. |
|---|---|---|
| 1. | XEN | 3319791 |
| 2. | Xen | 3195200 |

16.     As a result of Citrix's extensive promotional and sales efforts, Citrix has built up substantial consumer recognition in the computer services and mobile workspace technology fields under the XEN Trademarks.  The XEN Trademarks have come to be associated with Citrix as the exclusive source of the products and services to which they are linked.

4

17.     Citrix uses the XEN Trademarks for its suite of products and services primarily used by small and large businesses across all industries, enterprise clients, and IT professionals to deploy, monitor, manage, and optimize software delivery, virtualization, remote access, and mobile and desktop management over networks, the Internet and in the cloud ("XEN Products and Services").  Selected excerpts of pages from Citrix's website for its XEN Products and Services are attached as **Exhibit 1**.

18.     Citrix's XEN Products and Services are available throughout the United States and in numerous foreign countries.

19.     Citrix has expended significant resources in marketing and promoting its XEN Products and Services.

20.     Due to Citrix's significant investment of time, money and effort, and the high quality of the XEN Products and Services, the XEN Trademarks have become a strong mark and well-known amongst the consuming public, as well as IT professionals and others in the relevant trade.

21.     Long after the use, promotion and registration of the XEN Trademarks and the provision of the XEN Products and Services by Citrix and XenSource, Luxul adopted and began using the marks XEN, XEN3D, XENCONNECT, and XENSMART (the "Luxul Marks") in connection with computer networking and infrastructure products and services.  Selected excerpts from Luxul's website showing this usage are attached as **Exhibit 2**.

22.     Luxul's products offered under the Luxul Marks are used in the creation, operation, and maintenance of computer networking systems and also offer a form of computer virtualization, known as a virtual private network, permitting users to access the networked system, files and services securely from any Internet connection.

23.     The long-term and continuous prior use of the XEN Trademarks by Citrix and XenSource gives it priority over Luxul's first use of the Luxul Marks.

24.     Defendant's Luxul Marks are visually, phonetically, and connotatively identical or highly similar to the XEN Trademarks.

25.     Luxul's products and services offered under the Luxul Marks are provided to and/or intended for the same or very similar customers as Citrix's customers and prospective customers for the products and services covered by the XEN Trademarks.

26.     Luxul's products and services offered under the Luxul Marks are provided through the same or very similar channels of trade to the channels of trade for the products and services covered by the XEN Trademarks.

27.     Luxul's use of the Luxul Marks infringes Citrix's rights in the XEN Trademarks. In doing so, Luxul competes unfairly with Citrix.

28.     Citrix notified Luxul of its infringing conduct in September 2011 but has been unable to amicably resolve the dispute with Luxul.  Luxul has not ceased its infringing conduct and recently indicated that it plans to further expand its use of "XEN" for new products.

29.     Luxul has acted willfully and with knowledge of the XEN Trademarks and/or without appropriate due diligence before adopting the Luxul Marks, and has damaged the valuable goodwill and business reputation associated with the XEN Trademarks.  Upon information and belief, Defendant has engaged in this conduct with the intent to confuse, mislead and deceive the public into believing its goods and services are associated with, or endorsed by, Citrix.  In doing so, Luxul has infringed the XEN Trademarks, unfairly competed with Citrix and profited from the XEN Trademarks.

30.     Defendant Luxul's conduct is likely to lead members of the relevant consuming public, including computer services professionals, to believe that Defendant's goods and services are provided by, endorsed or approved by, and/or otherwise associated with Citrix.  As such, a likelihood of confusion exists between Citrix's longstanding use the XEN Trademarks and the unauthorized and subsequent use by Luxul of the Luxul Marks.

31.     Defendant's continued use of the Luxul Marks is likely to create confusion with the XEN Trademarks.

32.     Customers are likely to expect that Defendant's products are of the same high quality as Plaintiff's XEN Products and Services.

33.     Plaintiff has no control over the quality of the goods that Defendant sells under the Luxul Marks.

34.     Any failure, neglect, or default by Defendant or negative public perception of Defendant or the goods sold by Defendant under the Luxul Marks will reflect adversely upon Plaintiff.

35.     Defendant's continued use of the Luxul Marks, if permitted, will lessen the capacity of Citrix's XEN Trademarks to identify and distinguish the XEN Products and Services, thereby causing harm to Citrix.

36.     Luxul's ongoing infringement of the XEN trademarks will tarnish, dilute or diminish the well-known Citrix XEN Trademarks and will likely injure the business reputation of Citrix.

## COUNT I
## LANHAM ACT (15 U.S.C. § 1114 *et seq.*)

37.     Citrix repeats and realleges the allegations of paragraphs 1-36 of its Complaint as if fully set forth herein.

38.     Defendant's actions and conduct alleged above constitute infringement of a federally registered trademark in violation of 15 U.S.C. § 1114, *et. seq.*

39.     Defendant's actions and conduct alleged above have and will continue to cause irreparable harm, damage and injury to Citrix unless preliminarily and permanently enjoined by this Court.

40.     Citrix has no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

41.     Citrix repeats and realleges the allegations of paragraphs 1-40 of its Complaint as if fully set forth herein.

42.     Defendant's actions and conduct alleged above constitute use in commerce of a word, term, name, or device and false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Luxul with the XEN Trademarks or as to the origin, sponsorship, or approval of Luxul's products and services in violation of 15 U.S.C. § 1125(a).

43.     Defendant's actions and conduct alleged above have caused irreparable harm, damage and injury to Citrix.

44.     Citrix has no adequate remedy at law.

## COUNT III
## M.G.L. c. 93A

45.     Citrix repeats and realleges the allegations of paragraphs 1-44 of its Complaint as if fully set forth herein.

46.     Defendant's acts set out above constitute unfair and deceptive business practices prohibited by M.G.L. c. 93A, §§ 2 and 11.

47.     By reason of Defendant's infringing activities, Defendant has damaged and caused irreparable harm to Plaintiff and, unless restrained, will continue to damage and cause irreparable injury to Citrix's goodwill and reputation.

48.     Defendant's acts have injured and will continue to injure Citrix by, among other things, siphoning customers, confusing customers and potential customers of Citrix's Xen Products and Services, and injuring Citrix's reputation.

49.     These violations of M.G.L. c. 93A entitle plaintiff to recover its attorneys' fees and costs.

50.     These violations of M.G.L. c. 93A were willful or knowing thereby entitling plaintiff to recover multiple damages.

WHEREFORE, Plaintiffs, Citrix demands judgment as follows:

1.     That Luxul, its agents, employees, licensees, affiliates, any parent and subsidiary corporations, attorneys and representatives and all those in privity with, or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained from directly or indirectly:

     a.   Using a trademark or designation with the word "XEN" (used along or as part of a word or phrase, and whether capitalized or not) or any variation thereof for its products and services;

     b.   Performing any acts that are likely to cause confusion, cause mistake, to deceive or otherwise mislead the trade or public into believing that Citrix is associated with Defendant and/or Defendant's products and services;

     c.   Using the word "XEN" (used along or as part of a word or phrase, and whether capitalized or not) as a trademark or engaging in any other conduct that creates a

likelihood of injury to the business reputation of Citrix or a likelihood of

misappropriation and goodwill associated with Citrix's well known trademarks;

and

d.   Engaging in any acts or activities that directly or indirectly trade upon the Citrix's

XEN Trademarks, logos, reputation or goodwill.

2.   That Luxul be required to pay Citrix compensatory damages according to proof

for the injury sustained by Citrix, which sum should be trebled under 15 U.S.C. § 1117, as well

as exemplary damages based upon Defendant's intentional and willful conduct.

3.   That Luxul be required to account to Citrix for any and all gains, profits, and

advantages derived by it from the activities complained of in this Complaint.

4.   That Luxul be required to pay Citrix the cost of this action, together with its

reasonable attorneys' fees and costs.

5.   That Luxul's actions be deemed an unfair and deceptive business practice in

violation of M.G.L. c. 93A.

6.   That Citrix be awarded its costs and attorneys' fees on account of Luxul's

violations of M.G.L. c. 93A.

7.   That Luxul's actions be deemed willful or knowing violations of M.G.L. c. 93A

and that Citrix be awarded multiple damages on account of these violations.

8.   That Citrix be granted such other and further relief as this Court deems just or

equitable.

## **JURY DEMAND**

Citrix hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

CITRIX SYSTEMS, INC.,

By its attorneys,


/s/ Carrie Webb Olson
Carrie Webb Olson (BBO #677496)
colson@daypitney.com
Jonathan I. Handler (BBO #561475)
jihandler@daypitney.com
Jeremy Blackowicz (BBO #650945)
jblackowicz@daypitney.com
DAY PITNEY LLP
One International Place
Boston, MA 02110
T:  (617) 345-4600
F:  (617) 345-4745

Dated: May 30, 2014

## <u>CERTIFICATE OF SERVICE</u>

I, Carrie Webb Olson, hereby certify that on this 30th day of May 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Carrie Webb Olson
Carrie Webb Olson